### CITY OF ST. JOSEPH *v.* SCHULZ.

1. DEDICATION OF LANDS — PLATS — APPROVAL BY AUDITOR GENERAL.

The approval of a plat whereby land is dedicated to the public use, required of the auditor general by 1 Comp. Laws, § 3372, if, in his opinion, it conforms to the act, cannot be made in his name by a clerk in his department.

2. SAME—PARKS—EJECTMENT BY CITY.

A city cannot maintain ejectment for the recovery of a park claimed by reason of a common-law dedication, on the authority of section 3154, 1 Comp. Laws (providing that the city may regulate the care of parks, and protect them from injury), in the absence of a showing that the city was organized under chapter 88, of which such section is a part.

Error to Berrien; Coolidge, J. Submitted June 4, 1902. (Docket No. 11.) Decided February 3, 1903.

Ejectment by the city of St. Joseph against Louis S. Schulz. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*N. A. Hamilton,* for appellant.

*Lawrence C. Fyfe, I. W. Riford,* and *O'Hara & O'Hara,* for appellee.

GRANT, J. This is an action of ejectment brought by the city, claiming the title in fee to a piece of land marked "Public Park" upon a plat of Boughton's addition to St.

Joseph. The plat was made by Kate Boughton and her husband in September, 1890. Mrs. Boughton died. The land marked "Public Park," in question, was sold as a part of her estate, and purchased by the defendant. The court, for various reasons, directed a verdict for the defendant.

The statute (section 3372, 1 Comp. Laws) requires that, before such plat can be recorded, or copies made therefrom, the person making the same shall forward the original plat to the auditor general, who shall approve of the same whenever such plat shall conform, in his opinion, to the requirements of the act, and shall return the plat to the person who forwarded it, with his approval indorsed thereon. The original plat contained this indorsement: "August 26th, '90. Henry H. Aplin, by Henry Humphrey." In making the copies which the statute requires, the words "Examined and approved" were written over this indorsement upon the copies.

This record, even if authorized to be made by Mr. Humphrey in the name of Mr. Aplin, is not an approval of the plat. The mere signature cannot constitute an approval. Not only is no authority shown for the signature of Henry H. Aplin "by Henry Humphrey," but there is nothing to show the signature is official. Henry Humphrey was a clerk in the office at the time, as appears by the auditor general's reports; but no power is by statute given to him to pass an approval in the name of the auditor general, even if we could take judicial notice that he was at the time an employé of that office. The authority to approve was conferred upon the auditor general alone, and not upon any clerk. The officer so appointed must perform the duty. Mechem, Pub. Off. § 567. These provisions of the statute must be substantially, if not literally, complied with. 9 Am. & Eng. Enc. Law (2d Ed.), 35; 2 Dill. Mun. Corp. (4th Ed.) § 628.

The plat dedicates "the streets and alleys as shown on said plat to the use of the public." It says nothing whatever about a public park.

There are other defects and other questions raised, but

it is unnecessary to refer to them, as the above are sufficient to justify the finding of the circuit judge.

Judgment affirmed.

HOOKER, C. J.   I concur in the affirmance of this judgment upon the ground that the plaintiff failed to show that it had title in fee to the premises.   The plat not being properly approved, a statutory dedication failed.   I think that the deeds of conveyance, made soon after the plat was recorded, were not inconsistent with a dedication of the alleged park, and that it should not be decided upon this record that there was no common-law dedication, but that ejectment would not lie in such a case as is here shown, even had not the declaration claimed the premises in fee. If 1 Comp. Laws, § 3154, would authorize it in such cases of dedication, we cannot say that this section applies, as it does not appear that the plaintiff is organized under chapter 88, of which section 3154 is a part.

MOORE and MONTGOMERY, JJ., concurred with HOOKER, C. J.

LONG, J., did not sit.